# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10cv411

| | |
|---|---|
| **WELLS FARGO BANK, NATIONAL ASSOCIATION and NRF CAPITAL, L.P.,** ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) ) | **MEMORANDUM AND RECOMMENDATION** |
| **CHARLOTTE OVERLOOK APARTMENTS, LLC, et al.,** ) ) ) ) | |
| Defendants. ) _____ ) | |

Pending before the Court is Plaintiffs' Motion to Remand [# 14]. Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") initially brought this action in the Superior Court of Mecklenburg County, North Carolina against Defendants in order to prevent Defendant Charlotte Overlook Apartments, LLC ("Overlook") from allegedly participating in an inter-corporate redistribution scheme. After Plaintiffs filed an Amended Verified Complaint, five of the Defendants - Defendants Momyer's Overlook, LLC, D. Hogue's Overlook, LLC, R. Hogue's Overlook, LLC, Lowry's Overlook, LLC, and Nolte's Overlook, LLC (collectively, the "Removing Defendants") - removed the action to this Court pursuant to 28 U.S.C. §§ 1332(a) and

-1-

1441(a). Plaintiffs contend that removal was not proper and move to remand. The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Remand [# 14].

I.   **Background**

In 2006, Defendant Overlook purchased a parcel of property to use as an apartment complex in Charlotte, North Carolina. (Pls.'s Am. Verified Compl. ¶ 8.) Defendant Overlook entered into a mortgage loan agreement with NRF Capital, L.P. for approximately nine and a half million dollars to finance the purchase of the apartment complex. (Id. ¶10.)  In exchange for loaning Defendant Overlook these funds, NRF Capital received a first priority secured interest in the property. (Id.)

After securing this mortgage loan, Defendant Overlook raised additional funds by selling fractional interests in the property to fifteen investors - Defendants Eimers' Overlook, LLC, Green's Overlook LLC, J. Rains' Overlook, LLC, Lowry's Overlook, LLC, M. Rains' Overlook, LLC, Mitchell's Overlook, LLC, Momyer's Overlook, LLC, Nolte's Overlook, LLC, Piagentini's Overlook, LLC, Oate's Overlook, LLC, Vincelett's Overlook, LLC, Zarider's Overlook, LLC, Lovis' Overlook, LLC, R. Hogue's Overlook, LLC, and D. Hogue Overlook, LLC (collectively, the "Investor Defendants"). (Id. ¶ 4, 13.) In return for an undivided partial interest in the property, the Individual Defendants paid a negotiated sum to Defendant Overlook. (Id. ¶ 13.)

After Defendant Overlook defaulted on the loan, Plaintiff Wells Fargo, as trustee for the beneficial owners of a trust, initiated this action in state court to obtain a preliminary injunction appointing a receiver to operate the apartment complex, damages resulting from the breach of the loan agreement, and its attorneys' fees. (Id. ¶ 30.) Each of the Investor Defendants were named as defendants in this initial action, but Plaintiff Wells Fargo did not assert any claims against them in the Verified Complaint. Subsequently, the state court granted the request for preliminary injunction and appointed a receiver. (Id. ¶ 35.) Following foreclosure proceedings, a successor-in-interest to the trustee assumed ownership of the apartment complex, and the state court terminated the receivership. (Id. ¶ 36.)

Several months later, the Removing Defendants filed an action in Oregon against NRF Capital related to the various documents executed as part of acquiring their fractional stakes in the apartment complex. (Id. ¶ 39.) Plaintiffs Wells Fargo and NRF Capital then filed an Amended Verified Complaint in the state court asserting a breach of contract claim against the Removing Defendants. (Id. ¶¶ 478-535.) In addition, Plaintiffs sought contractual indemnification against each of the Investor Defendants. (Id. ¶¶ 56-60.) The Removing Defendants then removed the Amended Verified Complaint to this Court. Plaintiffs filed a motion to remand, which is now properly before this Court.

## II.     Analysis

Section 1441 of Title 28 grants a defendant who is sued in state court the option to remove the action to federal court where the federal district court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994); Maryland Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005). Courts must strictly construe removal jurisdiction because of the federalism concerns it raises. Mulcahey, 29 F.3d at 151. Where federal jurisdiction is "doubtful," the district court must remand the case. Id.

The procedure for removal is set forth in the removal statute, rather than the Federal Rules of Civil Procedure. See 28 U.S.C. § 1446; 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Richard D. Freer, Joan E. Steinman, Catherine T. Struve, Vikram David Amar, Federal Practice and Procedure § 3729 (4th ed. 2009) ("The practice and procedure for removing a case from a state court to a federal court is governed by federal statute and not by the Federal Rules of Civil Procedure"). Section 1446 requires that the party removing the case file a notice of removal within thirty days of service of the defendants. 28 U.S.C. §§ 1446(a) & (b). Where a defendant removes a case pursuant to Sections 1441(a) and (b), all of the defendants

in the state court action must consent to removal. 14C Wright et al., supra, §3730; Blue Mako, Inc. v. Minidis, 472 F. Supp. 2d 690, 696 (M.D.N.C. 2007); Mayes v. Moore, 367 F. Supp. 2d 919, 921 (M.D.N.C. 2005); Brodar v. McKinney, 378 F. Supp. 2d 634, 636-37 (M.D.N.C. 2005); Creed v. Virginia, 596 F. Supp. 2d 930, 934 (E.D. Va. 2009). Courts refer to this as the "rule of unanimity." 14C Wright et al., supra, §3730. An exception to the rule of unanimity is that "nominal or formal parties" should be ignored for purposes of determining whether all of the defendants have consented to removal. Id; Blue Mako, 472 F. Supp. 2d at 696; Mayes, 367 F. Supp. 2d at 921.

As other district courts in this Circuit have noted, the United States Court of Appeals for Fourth Circuit has not defined what constitutes a nominal party for removal purposes. See Creed, 596 F. Supp. 2d at 934; Blue Mako, 472 F. Supp. 2d at 696. Courts have recognized several situations where a party constitutes a nominal party and need not consent to removal. These exceptions to the rule of unanimity include:

> whether the defendant is a defunct corporation without assets or corporations joined solely on account of the parent-subsidiary relationship. Mayes v. Moore, 367 F. Supp. 2d 919, 921-922 (M.D.N.C.2005). A nominal party can encompass defendants who are mere stakeholders or depositories for property. Allen, 396 F. Supp. 2d at 733. Another situation involves cases where there is no likely possibility that a plaintiff can establish a cause of action against a defendant. Farias v. Bexar County Bd. of Trustees for Mental Health

> Mental Retardation, 925 F.2d 866, 871 (5th Cir.1991). This situation can include one where the party was not involved in the activities charged in the complaint, have already settled with the plaintiff, have only been named as John Doe defendants, or where there is no basis for imputing liability. Mayes, 367 F. Supp. 2d at 921-922; Allen, 396 F. Supp. 2d at 733. One test a court can consult in determining whether a party should be denominated as nominal is whether the court would be able to enter a final judgment in favor of the plaintiff in the absence of the defendant, without otherwise materially circumscribing the relief due. Mayes, 367 F. Supp. 2d at 922.

Blue Mako, 472 F. Supp. 2d at 696; see also Canadian Am. Ass'n of Prof'l Baseball, Ltd. v. Ottawa Rapidz, 686 F. Supp. 2d 579, 584 (M.D.N.C. 2010). Ultimately, the burden of demonstrating that the defendant is a nominal party rest with the removing party. See Creed, 596 F. Supp. 2d at 934; Blue Mako, 472 F. Supp. 2d at 696.

It is undisputed that only five of the sixteen named Defendants consented to removal of this case. The non-consenting Defendants include Defendant Overlook and ten of the fifteen Investor Defendants. The Removing Defendants are the five remaining Investor Defendants. Even though the majority of the Defendants did not consent to removal, the Removing Defendants contend that removal satisfies the rule of unanimity because the non-consenting Defendants are nominal parties, and, thus, their consent is not required. (Notice of Removal ¶¶ 28-29.) The Removing Defendants, however, have not demonstrated that each of the non-consenting Defendants is a nominal party.

As a threshold matter, the non-consenting Defendants are not the type of defunct or shell corporations that constitute nominal defendants. Although the non-consenting Defendants may no longer have any assets as a result of the foreclosure on the property at issue, each of the entities was involved in the activities giving rise to the claims in the Amended Verified Complaint and held assets - a fractional share of the property - during the relevant time period. Moreover, these Defendants were engaged in business when they entered into the contracts at issue. This is not a case like <u>Mayes</u>, where the non-consenting defendant was a defunct corporate entity that during the relevant time period did not conduct business, held no assets, and had no involvement in the actions giving rise to plaintiff's claims. 367 F. Supp. 2d at 922. In contrast, the Investor Defendants were organized for a specific business purpose, owned a fractional interest in the apartment complex, and entered into the various contracts that form the basis of Plaintiffs' claims.

Finally, the Court cannot say that there is no likely possibility that Plaintiffs can establish claims against the non-consenting Defendants without a full ruling on the merits of the Removing Defendants' Motion to Dismiss, resolution of which will involve contractual interpretation under North Carolina law. At this stage of the proceedings, it is not impossible for Plaintiffs to establish a claim against the non-

consenting Defendants.[1] See Creed, 596 F. Supp. 2d at 936-37 (holding that court need not resolve disputed legal issues in response to motion to remand in deciding whether a party is nominal). Put simply, the Removing Defendants have not met their burden of demonstrating that the non-consenting Defendants are nominal parties and, therefore, their consent to removal was required for removal to be proper. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** Plaintiffs' Motion to Remand.

### III. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Remand [# 14] and **REMAND** this case.

---

[1] The Removing Defendants only make a cursory argument in response to Plaintiffs' Motion to Remand that the there is no legal possibility that Plaintiffs could recover against the non-consenting Defendants. Instead, the Removing Defendants incorporate by reference their documents filed in support of their Motion to Dismiss.

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: April 21, 2011

Dennis L. Howell
United States Magistrate Judge