IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv411

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, (Not in its Individual Capacity but Solely as Trustee for the Beneficial Owners of N. Star Rel CDO IV Grantor Trust, Series T, Successor to NRFC WA Holdings II, LLC, and NRF CAPITAL, L.P., <br><br>Plaintiffs, <br>Vs. <br><br>CHARLOTTE OVERLOOK APARTMENTS LLC, et al., <br><br>Defendants. | <br><br><br><br><br><br><br><br><br><br>**ORDER OVERRULING OBJECTIONS** |

**THIS MATTER** is before the court on an "Objection to Magistrate's Memorandum and Recommendation" by Defendants Momyer's Overlook, LLC; D Hogue's Overlook, LLC; R Hogue's Overlook, LLC; Lowry's Overlook, LLC; and Nolte's Overlook, LLC ("Defendants") (#32). In relevant part, the Honorable Dennis L. Howell, United States Magistrate Judge, in his Memorandum and Recommendation (#28) recommended granting a motion to remand by plaintiffs Wells Fargo Bank, N.A. and NRF Capital, L.P.

After meticulous review of the facts underlying the motion to remand, Judge

Howell recommended that the court remand because not all named defendants consented to removal. In response to the Memorandum and Recommendation, the following pleadings have been filed: defendants' Objection (#32); and plaintiffs' Response Brief to defendants' Objection (titled "Reply" on the docket report) (#33).

## FINDINGS AND CONCLUSIONS

**I.      Applicable Standard**

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case; the court has, thus, conducted a careful review of Judge Howell's M&R.

## II. Discussion

In the objection, defendants contend that the magistrate judge erred in recommending remand on the basis that fewer than all defendants consented to removal. Defendants contend that the non-consenting defendants are merely "nominal" parties whose consent is not required for removal. In their objection, defendants, thus, merely restate their original argument opposing plaintiffs' motion to remand. After a careful review of the magistrate judge's recommendation on the motion to remand, I find that the magistrate judge correctly determined that remand is required. Thus, the court will adopt the M&R of the magistrate judge as its own.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendants' Objection to the Memorandum and Recommendation of the United States Magistrate Judge (#32) is respectfully **OVERRULED;** and the Memorandum and Recommendation (#28) is **ADOPTED** in its entirety.

Signed: June 7, 2011

Max O. Cogburn Jr.
United States District Judge